# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

February 2, 2010

Mr. James Dietz
243 Holly #2
Medford, OR 97501

Mr. Frank Rote
Hughes, Rote, Brouhard & Thorp, LLP
612 NW 5th Street
Grants Pass, OR 97526

RE: In re Tammy and Clinton Valiquette, Case No. 09-64167 -fra13

Dear Counsel:

     An adjourned confirmation hearing was held in Medford on January 20, 2010 to consider confirmation of Debtors' Chapter 13 Plan of Reorganization. World Famous Autos (WFA) filed an objection to confirmation and, together with the Debtors, submitted stipulated facts. For the reasons that follow, confirmation of the Debtors' chapter 13 Plan of Reorganization dated August 13, 2009 must be denied.

## FACTS
     Less than 910 days prior to the Debtors' bankruptcy petition date of August 4, 2009, Debtor Clinton Valiquette entered into retail installment contracts with WFA to purchase a 1998 GMC pickup, and a 1991 Honda Accord, with a balance due of $17,110. WFA took a security interest in the vehicles as collateral, and the security interests were properly perfected with the Department of Motor Vehicles. While the stipulated facts submitted by the parties do not say as much, it is assumed that the vehicles were acquired for the personal use of the Debtors.

     After filing bankruptcy, Debtors filed a Chapter 13 Plan which proposed to "cram down" WFS's secured claim to the value of the collateral: GMC = $3,000, Honda = $1,800.

## DISCUSSION
The so called "hanging paragraph" of Bankruptcy Code § 1325(a)(9) provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is

the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

The effect of the preceding is that a claim meeting the requirements of the "hanging paragraph" may not be bifurcated into secured and unsecured components in a plan of reorganization and must be paid in full over the life of the chapter 13 plan. See In re Robert and Julie Henry, No. 06-61477-fra13 (Bankr. D.Or. 10/16/06, unpublished). Because Debtors' Plan proposes to bifurcate WFS's "910 claim" into secured and unsecured components based on the value of the collateral securing the claim, confirmation of Debtors' plan must be denied.

WFA also objected to the Plan provision by which Debtors' attorney fees would be paid through the Plan in full prior to any payments being made to WFA. WFA argues in part that it would lack adequate protection if it were not paid during the first five months of the Plan. Given the fact that its claim, in excess of $17,000, must be paid in full and that the collateral securing the claim is worth less than $6,000, pursuant to exhibits provided by the parties, I cannot find that WFA's claim is not adequately protected. However, it must be noted that this stepped-payment approach, if objected to by a creditor, violates Code § 1325(a)(5)(B)(iii), which requires that periodic payments made in payment of a claim secured by personal property be made in "equal monthly amounts." In re Sanchez, 384 B.R. 574 (Bankr. D. Or. 2008).

## CONCLUSION

For the reasons given, confirmation of the Debtors' plan is denied. Debtors may file a modified plan within 21 days of the date of this letter.

    Very truly yours,

    FRANK R. ALLEY, III
    Bankruptcy Judge